ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| ALEXANDRO JAVIER RAVELO CANOSA<br><br>Recurrido<br><br>v.<br><br>PAULETTE MARIE ARIAS OBÉN<br><br>Peticionaria | **TA2026CE00733** | *CERTIORARI* procedente del Tribunal de Primera Instancia Sala Superior de San Juan<br><br>Civil Núm.: SJ2020RF00839<br><br>Sobre: Divorcio |

Panel integrado por su presidente el Juez Bonilla Ortiz, el Juez Robles Adorno y la Jueza Álvarez Esnard.

Bonilla Ortiz, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico a 29 de junio de 2026.

Comparece ante nos la Sra. Paulette M. Arias Oben (señora Arias o "la peticionaria") y nos solicita que revisemos una *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan, notificada el 7 de mayo de 2026. Mediante el referido dictamen, el foro primario concedió de manera provisional la custodia de las menores al Sr. Alexandro J. Ravelo Canosa (señor Ravelo o "el recurrido"); estableció que la patria potestad seria compartida; y las relaciones materna filiales serían establecidas a través de la vía terapéutica.

Por los fundamentos que expondremos a continuación, **DENEGAMOS** la expedición del auto de *certiorari*.

## I.

Los hechos en este caso se remontan al 25 de agosto de 2020, cuando las partes de epígrafe presentaron una *Petición* de divorcio por la causal de consentimiento

---

[1] Ver Orden Administrativa OATA-2026-074 del 11 de junio de 2026.

mutuo.[2] En la misma, en lo pertinente, indicaron que durante su matrimonio procrearon tres (3) hijas, denominadas como: PBRA, LMRA, y DMRA. El 22 de septiembre de 2020, el foro primario notificó una *Sentencia Enmendada Nunc Pro Tunc*, en la cual decretó el divorcio, y dispuso que la custodia y patria potestad de las menores sería compartida.[3]

Posteriormente, el 15 de diciembre de 2025, el señor Ravelo presentó una *Solicitud de Custodia Monoparental*.[4] Alegó que, que las menores le habían expresado que no deseaban pernoctar en la casa materna, puesto que, se sentían incómodas y angustiadas por las condiciones en dicho hogar, falta de orden, alimentación inconsistente, falta de atención y un patrón de aislamiento de la madre hacia ellas. Señaló que, luego de múltiples comunicaciones entre abogados, buscando el mejor bienestar de las menores y evitar procedimientos judiciales, la señora Arias había decidido a reintegrarse con las menores. No obstante, resaltó que la señora Arias faltó a su compromiso y no había cumplido con los acuerdos. Por ello, solicitó la custodia monoparental inmediata.

El 22 de enero de 2026, la señora Arias presentó una *Moción en Cumplimiento de Orden y Oposición a Solicitud de Custodia Monoparental*.[5] En esta, negó que hubiera abandonado la custodia compartida, al contrario, resaltó haber asumido de forma constante sus funciones parentales y haber sido ella quien le solicitó al padre

---

[2] *Petición*, entrada núm. 1 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[3] *Sentencia Enmendada Nunc Pro Tunc*, entrada núm. 10 en SUMAC.
[4] *Solicitud de Custodia Monoparental*, entrada núm. 14 en SUMAC.
[5] *Moción en Cumplimiento de Orden y Oposición a Solicitud de Custodia Monoparental*, entrada núm. 22 en SUMAC.

una participación más equitativa y activa con la responsabilidad de las menores. A su vez, arguyó que fue el recurrido, quien de manera unilateral, le informó que las menores no regresarían al hogar materno sin orden judicial o acuerdo previo. Por lo tanto, solicitó se mantuviera el régimen de custodia compartida previamente establecido.

El 23 de enero de 2026, el señor Ravelo presentó una *Breve Réplica*.[6] En esencia, expuso que la peticionaria intentó desviar la controversia principal sobre el bienestar de las menores, hacia un eje económico, aun cuando se ha mantenido pagando sus obligaciones. Por lo tanto, solicitó la intervención inmediata de la Unidad de Trabajo Social del Tribunal, para que fuera quien evaluara de manera objetiva y profesional la dinámica familiar, el ambiente emocional de las menores y las razones subyacentes de su resistencia a pernoctar en el hogar materno.

El 26 de enero de 2026, el foro primario notificó una *Orden*, en la que refirió a la Unidad Social el caso, para que emitiera el informe y las recomendaciones correspondientes.[7]

En cumplimiento con la orden, el 14 de abril de 2026, fue presentado el *Informe Social Forense (Relaciones de Familia)*.[8] En este, la trabajadora social Yanializ Matta Dávila (señora Matta o trabajadora social) recomendó la custodia monoparental con el señor Ravelo, "por ser la alternativa que, al presente, mejor garantiza la estabilidad, continuidad de cuidados,

---

[6] *Breve Réplica*, entrada núm. 23 en SUMAC.
[7] *Orden*, entrada núm. 27 en SUMAC.
[8] *Informe Social Forense (Relaciones de Familia)*, entrada núm. 31 en SUMAC.

supervisión académica, atención emocional y satisfacción de las necesidades cotidianas de las menores." A su vez, concluyó que era necesario se estableciera un plan de relaciones materno-filiales en un ambiente terapéutico con las menores.

El 4 de mayo de 2026, el señor Ravelo presentó *Moción Urgente en Solicitud de Medidas Provisionales Sobre Relaciones Materno Filiales*.[9] En esta, solicitó la intervención del Tribunal a los fines de que estableciera medidas provisionales para evitar actuaciones unilaterales y desvirtuaran el proceso evaluativo del caso.

Por su parte, el 5 de mayo de 2026, la señora Arias presentó su *Réplica en Oposicion a Moción Urgente en Solicitud de Medidas Provisionales sobre Relaciones Materno Filiales*.[10] Sostuvo que, el Informe Social constituía un instrumento auxiliar dirigido a ilustrar al tribunal en su función adjudicativa, pero carecía de fuerza vinculante hasta que no fuera evaluado y adjudicado mediante determinación judicial expresa.

Evaluadas las mociones de las partes, el 7 de mayo de 2026, foro primario notificó la *Resolución* recurrida, mediante la cual concluyó lo siguiente:[11]

> 1. Se concede, de manera provisional, la custodia de las menores Daniela y Luciana al Sr. Rabelo.
>
> 2. La patria potestad es compartida.
>
> 3. Mientras se atiende el asunto de la impugnación de informe anunciada, las relaciones maternas filiales deberán ser establecidas a través de la vía terapéutica. Sin embargo, a modo de

---

[9] *Moción Urgente en Solicitud de Medidas Provisionales Sobre Relaciones Materno Filiales*, entrada núm. 33 en SUMAC.
[10] *Réplica en Oposicion a Moción Urgente en Solicitud de Medidas Provisionales sobre Relaciones Materno Filiales*, entrada núm. 35 en SUMAC.
[11] *Resolución*, entrada núm. 38 en SUMAC.

excepción, el Tribunal va a autorizar que las menores disfruten el fin de semana del Día de las Madres con la madre, desde el sábado 9 de mayo a las 10:30am hasta el domingo 10 de mayo a las 6:00pm.

4. Se les advierte a las partes que los asuntos relacionados a las menores deben ser coordinados entre los padres o autorizados por el Tribunal previo a informárselo a las menores. Se prohíbe a las partes coordinar con las menores actividades que impliquen cambios sustanciales en lo aquí establecido. Dichos asuntos deberán ser acordados por los padres o, en su defecto, resuelto por el Tribunal.

En desacuerdo, el 7 de mayo de 2026, la peticionaria presentó una *Moción Solicitando Reconsideración*.[12] Mientras que el 8 de mayo de 2026, el recurrido presentó su réplica a la reconsideración.[13] No obstante, el 11 de mayo de 2026, el foro primario notificó una *Resolución* en la cual declaró *No Ha Lugar* la solicitud de reconsideración instada por la señora Arias.[14]

Aun inconforme, el 9 de junio de 2026, la señora Arias presentó el recurso de epígrafe, mediante el cual planteo los siguientes señalamientos de error:

PRIMER ERROR: ERRÓ Y ABUSÓ DE SU DISCRECIÓN EL TPI AL PRIVAR A LA PETICIONARIA DE LA CUSTODIA LEGAL COMPARTIDA SOBRE DOS DE SUS TRES HIJAS, IGNORANDO EL MANDATO DE LA LEY NÚM. 223-2011, "LEY PROTECTORA DE LOS DERECHOS DE LOS MENORES EN EL PROCESO DE ADJUDICACIÓN DE CUSTODIA" Y EL ARTÍCULO 602 DEL CÓDIGO CIVIL.

SEGUNDO ERROR: ERRÓ Y ABUSÓ DE SU DISCRECIÓN EL TPI AL NO MANTENER EL *STATUS QUO* DE LA CUSTODIA LEGAL COMPARTIDA CUANDO LA PETICIONARIA OPORTUNAMENTE INFORMÓ QUE IMPUGNARÍA EL INFORME SOCIAL RENDIDO Y NO EXISTÍA PELIGRO ALGUNO PARA LAS MENORES, PUDIENDO ESTABLECER ALGUNA MEDIDA CAUTELAR MENOS ONEROSA QUE PRIVAR A LA MADRE DE LA CUSTODIA.

TERCER ERROR: ERRÓ Y ABUSÓ DE SU DISCRECIÓN EL TPI AL HACER UNA DETERMINACIÓN DE CUSTODIA LEGAL MONOPARENTAL DE FORMA

---

[12] *Moción Solicitando Reconsideración*, entrada núm. 39 en SUMAC.
[13] *Réplica a Reconsideración*, entrada núm. 40 en SUMAC.
[14] *Resolución*, entrada núm. 41 en SUMAC.

SUMARIA, AUNQUE FUERA DE MANERA PROVISIONAL, PRIVANDO A LA MADRE DE LA CUSTODIA COMPARTIDA QUE OSTENTA POR DECRETO JUDICIAL SIN LA CELEBRACIÓN DE VISTA Y SIN SER ESCUCHADA, EN CONTRAVENCIÓN AL DEBIDO PROCESO DE LEY Y EL DERECHO CONSTITUCIONAL QUE LE AMPARA.

CUARTO ERROR: ERRÓ Y ABUSÓ DE SU DISCRECIÓN EL TPI Y ACTUÓ EN CONTRA DEL MEJOR INTERÉS DE LAS MENORES CUANDO DESPOJÓ A LA PETICIONARIA DE LA CUSTODIA COMPARTIDA LEGAL SIN EXISTIR CIRCUNSTANCIAS EXCEPCIONALES, ALEGACIONES DE RIESGO, NEGLIGENCIA, PELIGROSIDAD O MALTRATO, AÚN CUANDO COETANEO AL REFERIDO DICTAMEN, EL PROPIO TRIBUNAL AUTORIZÓ RELACIONES FILIALES CON PERNOCTACIÓN EN OCASIÓN DEL FIN DE SEMANA DE LAS MADRES.

El 11 junio de 2026, emitimos una *Resolución* mediante la cual le concedimos a la parte recurrida el término de quince (15) días para que se expresara sobre los méritos del recurso.

El 17 de junio de 2026, el señor Ravelo presentó su *Alegato en Oposición*.

Contando con la comparecencia de todas las partes procedemos a atender el recurso.

**II.**

El recurso de *certiorari* es un auto procesal extraordinario por el cual un peticionario solicita a un tribunal de mayor jerarquía que revise y corrija las determinaciones de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 846-847 (2023). Es norma reiterada que, una resolución u orden interlocutoria, contrario a una sentencia, es revisable ante el Tribunal de Apelaciones mediante auto de *certiorari. Rivera et al. v. Arcos Dorados et al.,* supra. A diferencia del recurso de apelación, el tribunal revisor tiene la facultad de expedir el auto de

*certiorari* de manera discrecional. *Torres González v. Zaragoza Meléndez*, supra.

Por su parte, la Regla 52.1 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, limita la facultad que tiene el foro apelativo intermedio para revisar las resoluciones u órdenes interlocutorias que emite el foro primario. *Caribbean Orthopedics v. Medshape, et al.,* 207 DPR 994 (2021). Esa regla establece que el recurso de *certiorari* solo se expedirá "cuando se recurra de una orden o resolución al amparo de las Reglas 56 y 57 de Procedimiento Civil, 32 LPRA Ap. V, R. 56 y 57, o de la denegatoria de una moción de carácter dispositivo. Sin embargo, por excepción, el foro apelativo intermedio podrá revisar -en lo pertinente- una orden o resolución interlocutoria dictada por el tribunal de instancia cuando se recurra de la determinación en un caso de relaciones de familia, entre otros." (Nota omitida). *Torres González v. Zaragoza Meléndez,* supra.

No obstante, la precitada Regla 52.1, también dispone que el tribunal apelativo, en su ejercicio discrecional y por excepción, podrá expedir un recurso de *certiorari* cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, en asuntos relacionados a privilegios evidenciarios, en casos de anotaciones de rebeldía, en casos de relaciones de familia, en casos revestidos de interés público o en cualquier otra situación en la que esperar a una apelación constituiría un fracaso irremediable a la justicia. *Íd.* El delimitar la revisión a instancias específicas tiene como propósito evitar las "dilaciones innecesarias, el fraccionamiento

de causas y las intervenciones a destiempo." *Íd*. Véase, además: *Scotiabank v. ZAF Corp., et al.*, 202 DPR 478, 486-487 (2019).

Por otro lado, el examen que hace este Tribunal previo a expedir un auto de *certiorari* no se da en el vacío ni en ausencia de otros parámetros. *Torres González v. Zaragoza Meléndez,* supra. A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, señala los criterios que debemos tomar en consideración al evaluar si procede expedir el auto de *certiorari*. La precitada Regla dispone lo siguiente:

El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Sin embargo, ninguno de los mencionados criterios es determinante por sí solo, para este ejercicio, no constituye una lista exhaustiva. *García v. Padró*, 165 DPR 324, 327 (2005). Por lo que, de los factores esbozados se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida como la etapa del procedimiento en la cual fue presentada. Lo anterior, a los fines de determinar si es la más apropiada para intervenir sin ocasionar un fraccionamiento indebido o una dilación injustificada del litigio. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008).

Es norma reiterada que, el foro apelativo debe ejercer su facultad revisora solamente en aquellos casos en los cuales se demuestre que el dictamen que emitió el foro de instancia es arbitrario o constituye un exceso de discreción. *Banco Popular de Puerto Rico v. Gómez Alayón y otros*, 213 DPR 314, 334 (2023).

### III.

En el caso de autos, la señora Arias sostiene que el foro primario erró al alterar de forma sumaria el decreto de custodia compartida vigente entre las partes. Añade que, incidió al modificar el régimen provisionalmente sin celebrar una vista evidenciaria o una audiencia argumentativa previa, adoptando de inmediato las recomendaciones del Informe Social a pesar de haber notificado que estaría impugnándolo, violando así sus derechos constitucionales. Además, alega que el expediente carece de alegaciones de riesgo, negligencia, peligrosidad o maltrato que justificara una alteración sobre el estatus legal de las menores. Por lo tanto,

solicitó se expidiera el *certiorari* y se revoque la *Resolución* recurrida.

Por su parte, el señor Ravelo resalta que la peticionaria parte de una premisa procesal equivocada al confundir una medida provisional protectora con una adjudicación final de custodia, máxime cuando la patria potestad se mantuvo compartida. Arguye que, el foro *a quo* actuó correctamente al amparo de la doctrina del *parens patrie* para salvaguardar el mejor bienestar y estabilidad de las menores. Asimismo, señala que el debido proceso de la señora Arias se encuentra garantizado, toda vez que conserva su derecho a contrainterrogar a la trabajadora social, presentar peritos y desfilar prueba en la vista de impugnación.

Luego de evaluar el expediente ante nuestra consideración, y a la luz de los criterios esbozados en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, resolvemos que debemos abstenernos de ejercer nuestra función revisora discrecional y rechazar intervenir con la determinación emitida por el foro primario. La *Resolución* recurrida no arroja error alguno que amerite nuestra intervención, en esta etapa de los procedimientos.

**IV.**

Por los fundamentos antes expuestos, **DENEGAMOS** expedir el recurso de *certiorari*.

Lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones